IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Tamaris Perez-Cordero**<br>*Plaintiff*<br>*v.*<br>**Coco Beach Resort Management LLC d/b/a Coco Beach Resort Management, Inc., a/k/a Coco Beach Golf, Coco Beach Resort LLC and/or Coco Beach Resort Services LLC; Corporation A; and Limited Liability Company B**<br>*Defendants* | CIVIL ACTION<br>Case No. 3:18-cv-1574<br>**DISABILITY (ADA)**<br>**AGE (ADEA)**<br>**DISCRIMINATION**<br>**FMLA RETALIATION**<br>*Demand for Jury Trial* |

## **COMPLAINT**

### INTRODUCTION

1. Plaintiff Tamaris Perez-Cordero ("Tamaris"), brings this civil action pursuant to the Americans with Disabilities Act and the Age Discrimination in Employment Act, to remedy acts of unlawful employment discrimination perpetrated against her by her former employer and defendant Coco Beach Resort Management. Plaintiff Tamaris is over forty (40) years of age and disabled because of her serious medical condition (Cancer). Plaintiff was subjected to a hostile work environment, disparate treatment and her wrongful termination of employment by defendant. She was subjected to FMLA retaliation as well, and at the time of her termination of employment, she was qualified for her position and had no recurring disciplinary/absenteeism problems.

2. In wanton disregards for the laws protecting disabled individuals like Tamaris from discriminatory employment practices, defendant selectively choose her for termination, because of her age and disability. Defendant should be held accountable for unlawful workplace practices that led to Tamaris' wrongful termination of employment. Her employer had no legitimate reason to terminate her employment, and the proffered pretextual reason given to her was not supported by the company's financial and marketing statements. A pretext for employment discrimination.

3. Plaintiff respectfully ask the Court to find defendant in violation of Federal Antidiscrimination Laws, specifically the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et. seq., codified 42 U.S.C. §§12112-12117 (amended by the Civil

1

Rights Act of 1991, Pub. L. No. 102-166), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).  As well, as in violation of corresponding Puerto Rico laws.

4. Defendant failed to treat the plaintiff in a non-discriminatory manner and created a hostile work environment for Tamaris, in violation of established laws.  Plaintiff was mistreated by defendant's human resources manager and got worse after she complained to management.

5. Defendant violated plaintiff's rights under federal law protecting workers from discrimination on the basis of her age and disability.  Defendants are jointly and severely liable for violating plaintiff's rights under Federal and Puerto Rico law. The plaintiff seeks her reinstatement, back pay and benefits, compensatory and punitive damages, and her attorney fees.

## JURISDICTION

6. This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12101 et. seq., codified 42 U.S.C. §§12112-12117 (amended by the Civil Rights Act of 1991, Pub. L. No. 102-166), and the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), as codified 29 U.S.C. §§621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 99-592, the Civil Rights Act of 1991, Pub. L. No. 102-166), and this Court may exercise supplemental jurisdiction over state law claims under 28 U.S.C. §1367 (a) because those arise from the same nucleus of operative facts as Plaintiff's federal claims.

7. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed by defendant to provide service in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and the acts and/or omissions giving rise to her claims have occurred in this district. A substantial part of the events giving rise

to this suit arose on the premises of defendant's business, located in the Commonwealth of Puerto Rico. Accordingly, under 29 U.S.C. §1391 (b) (2), venue lies in this judicial district.

8. Prior to filing this lawsuit, plaintiff filed a timely written charge with the U.S. Equal Employment Opportunity Commission ("EEOC"), (EEO Case No. 515-2018-00106) where she notified defendant and charged it with discrimination based on her age and disability. The charge placed defendant on notice of her claim under Federal employment discrimination statutes. On June 21, 2018, EEOC issued a Notice of Suit Rights. Tamaris has filed this civil action within 90 days of receipt of said notice. Accordingly, plaintiff exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is now properly filed. See **Exhibit**.

## PARTIES

9. Plaintiff Tamaris Perez-Cordero ("Tamaris") is a citizen of Fajardo, Puerto Rico and at all relevant times was employed by defendant Coco Beach Resort Management in the Commonwealth of Puerto Rico. She is over forty (40) years of age and because of her disability (Cancer), she is an "individual with a disability" within the meaning of 29 U.S.C. §705(20) (A). She resides in the judicial District of Puerto Rico and was qualified for her job as the Human Resources Department's Receptionist. She worked under the supervision of Mariemma Sanchez.

10. Defendant Coco Beach Resort Management LLC d/b/a Coco Beach Resort Management, Inc., a/k/a Coco Beach Golf, Coco Beach Resort LLC and/or Coco Beach Resort Services LLC is a domestic *for-profit-limited liability company* organized under the laws of the Commonwealth of Puerto Rico's Department of State (Registration No. 363888). According to said records, Defendant's registered resident agent is CT Corporation System, with street address 361 San Francisco Street, San Juan PR 00901 and mailing address PO Box 9022946, San Juan, PR 00902-2946, with telephone no. (787) 725-1004. Defendant's principal place of business and plaintiff's workplace is located at 900 Coco Beach Blvd., Rio Grande PR 00745. Defendant operates a resort, and/or a resort related golf course. Defendant is vicariously liable for employee

Mariemma Sanchez, Human Resources Director and responsible management official for the acts of age and disability discrimination alleged in this Complaint, against the plaintiff Tamaris.

11. Defendant Corporation A and Limited Liability Company B are unknown defendants that may be called upon to respond for defendant's actions and will be identified during discovery phase of the case, and promptly substituted in advance, prior to Trial for the referenced case. Plaintiff reserves de right to amend the Complaint, if necessary, to include employer's supervisors and other legal entities that could be held vicariously liable for defendant's actions.

12. Defendants are employees, agents, supervisory personnel and were, at all times material to the complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act to prevent them. All defendants are jointly liable for monetary damages alleged herein.

## FACTUAL ALLEGATIONS

13. The plaintiff worked as receptionist at defendant's Human Resources Department, under direct supervision of defendant's responsible management official and Human Resources Director Mariemma Sanchez. She began to work for the defendant on March 15, 2016, and her employment was unlawfully terminated with a pretextual excuse for discriminatory reasons on November 13, 2017. At time of termination, plaintiff was qualified for her job, belonged to a protected age (over 40 years of age) group, had a known or perceived disability and hand no recurring discipline problems.

14. At all relevant times the plaintiff was 41 year of age, over the protected age group (PAG) and had a known or perceived disability (Cancer), that substantially limits her major life activities. During her employment at defendant's Coco Beach Resort she had no performance or disciplinary problems and worked as receptionist.

15. In December 2016, plaintiff informed her immediate Supervisor and Human Resources Director Mariemma Sanchez, that she was going through a serious medical situation and would need time off for her testing and treatment. Director Mariemma Sanchez insisted on

4

picking up plaintiff's medical order, issued by her physician. Plaintiff was uncomfortable authorizing her to pick up said document, but Sanchez required me to authorize her. Plaintiff felt this was a form of disability harassment and/or discrimination because of her disability.

16. On March 6, 2017, upon plaintiff's return from medical leave to have surgery, the plaintiff could not sit for long periods of time and on March 9, 2017, plaintiff requested reduction of hours (from 8 to 6 hrs. daily). Although, her supervisor was provided medical information, Director Sanchez asked for another medical certificate in order to process a request for reasonable accommodation. Plaintiff gave her the medical certificate, but Mariemma Sanchez pressured the plaintiff into providing confidential details about her medical condition, unnecessary to provide accommodation and/or taking personnel actions.

17. During May 2017, the plaintiff expressed to Human Resources Director Mariemma Sanchez her interest in a position that was to be created, but plaintiff later learned the HR Director made that position part-time, so that she would not qualify because plaintiff would lose medical and leave benefits. On May 24, 2017, plaintiff took a leave in order to have another surgery, and a short time later, plaintiff took a work leave from FMLA.

18. While plaintiff was on leave, plaintiff received notice via email on November 2, 3017, from Mariemma Sanchez (HR Director) that her FMLA leave was approved until December 30, 2017. However, on November 13, 2017, Mariemma Sanchez sent plaintiff another email notifying plaintiff of her termination of employment with a pretextual excuse.

19. Defendant's employee handbook indicated employees under FMLA had the right to be reinstated back to work after leave, in same position previously held or equivalent position with the same terms and conditions. Defendant violated said policy and employment law, by engaging in the unlawful age and disability discrimination in the workplace against the plaintiff.

20. On December 22, 2017, plaintiff went back to pick-up things from work with her coworker Margie Santiago (also terminated with a pretextual excuse and over PAG) and noticed there were younger (under PAG) and non-disabled employees working in the same work area.

5

21. Plaintiff was discriminated against due to her disability in violation of the Americans with Disabilities Act, as amended, discriminated also because of her age, ADEA, as amended, and my employer engaged in FMLA retaliation, because I engaged in protected activity.

22. During February 2017, the responsible management official (RMO) Mariemma Sanchez, openly disclosed confidential health information about plaintiff Tamaris Perez-Cordero, as Sanchez openly stated in front of others "no tiene cancer" (she doesn't have cancer). This unlawful discriminatory comment created a hostile working environment for disabled employees like her and was uncalled for.

23. During March 2017, Mariemma Sanchez also subjected plaintiff and another coworker in the same protected age group, to have to clock-in and clock-out of work exclusively using the time-clock (copy room) closest to Mariemma Sanchez office, while coworkers outside her protected age group were allowed to use for that purpose, any of the other time-clocks around the workplace. She subjected plaintiff to disparate treatment, by deliberately blocking plaintiff from using other time-clocks, while other employees were not.

24. During 2017 the responsible management official (RMO) Mariemma Sanchez, also misplaced confidential employee documents, including employees I9 Forms, and falsely accused the plaintiff and other females in protected age group, of mismanagement of employee information. This created a hostile work environment and she falsely stated that we "botaba documentos". (threw away documents).

25. During an august 9, 2017, meeting Mariemma Sanchez stated, "A la hora de la verdad, si se tiene que ir alguien, mejor tu que yo, y esto no es personal" (Truth be told, if someone is going to be fired, its better it be you, and not me, this is not personal). By August 2017, Sanchez was already plotting to terminate my employment with a pretextual excuse.

26. Mariemma Sanchez frequently made dreadful comments about plaintiff's appearance and the clothes she wore. These comments were made during unrelated employee

6

meetings, thus revealing her true motive to exclude plaintiff from work because she actively sought to recruit and replace her with younger employees outside of her protected age group.

27. Plaintiff was subjected to unlawful discrimination and retaliation for having complained about the way she was treating by the Human Resources Director. Sanchez unlawfully removed plaintiff from the workplace under the pretextual excuse that her position was eliminated, yet other employees outside plaintiff's protected group, continued to work and others were hired.

28. Younger employees were hired by defendant, and others were allowed to continue to work for the company. Plaintiff however, was not given any other option, and was unlawfully terminated by defendant from employment on November 13, 2017. Her former employer's proffered excuse to terminate employment was a *pretext* for discrimination because of plaintiff's age and disability. Plaintiff can and will present a *prima facia* case of discrimination in the workplace because of her age and disability. The evidence will show, and the Court will find defendant's conduct was discriminatory with respect to plaintiff's age and disability and treated plaintiff differently than similarly situated employees outside of her protected class. Plaintiff holds defendant accountable for her unlawful discriminatory termination of employment based on her age and disability. The Court will also find the employer's excuse for her termination is *pretextual*.

## CAUSES OF ACTIONS

### COUNT I: Violation of the Americans with Disabilities Act (42 U.S.C. §12101 et. seq.)

29. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

30. The Americans with Disabilities Act, as amended, 42 U.S.C. §12101 et. seq., prohibits employers from discriminating against people with disabilities in employment, including failing to make reasonable accommodations to known limitations of otherwise qualified individuals with disabilities, unless the employer can demonstrate that the accommodation would

impose an undue hardship. The Americans with Disabilities Act of 1990, as amended ("ADA"), also makes it illegal to discriminate against qualified persons with disabilities.

31.   Defendant knew or had reason to know of Tamaris' serious medical condition. As disability, her Cancer and related medical treatment affected major life's activities, including work.

32.   Tamaris' adverse employment action include wrongful termination of employment. Discrimination encompasses not only adverse actions motivated by prejudice, but also failing to make reasonable accommodation for a plaintiff's known disabilities.  See Taylor, 184 F. 3d at 311; 42 U.S.C. §12112 (b) (5) (A) (1994).  Tamaris' s employer denied her the opportunity to continue to work, in spite of being qualified to work and having seniority at work.  While others who were, younger and non-disabled, were allowed to remain working or recently hired by the defendant.

33.   Tamaris was able to perform the essential functions of her job and was a qualified individual who had a disability during the period in question and reasonable accommodation should have been given to allow her to continue to work. Other employees without disability were allowed to continue working for defendant, yet she was terminated for discriminatory reasons and was excluded from the workplace because of her disability. Employer's justification is pretextual.

34.   Defendant discriminated against Tamaris because of a perceived or actual *disability* and management failed to protect the plaintiff from discrimination, as required by ADA. Defendants are jointly and severally liable.

### COUNT II: Violation of the Age Discrimination in Employment Act (29 U.S.C.A. §621 et. seq.)

35.   Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

36.   Defendant discriminated against Plaintiff because of her *age*.

37.   The Age Discrimination in Employment Act, as amended ("ADEA"), 29 U.S.C.A. §621et. seq., makes it illegal to discriminate against qualified persons at work because of their age. Tamaris was over the age of forty (40) at the time of her wrongful termination of employment.

38.     Other, younger company employees outside of Tamaris' protected age group were allowed to keep employment with defendant, whereas plaintiff suffered adverse employment action when employer unscrupulously terminated her employment. Younger individuals were hired to work for defendant, after the plaintiff was terminated. The employer proffered reason is a pretext for unlawful discrimination. The plaintiff was terminated because of her age. Younger employees were allowed by defendant to continue working and performing Tamaris' work tasks. Tamaris was substituted by a younger employee, demonstrating that defendant's proffered reason for her termination was a *pretext* to conceal age discrimination. Younger employees were allowed to remain working for the employer and were also hired defendant after Tamaris' wrongful termination of employment.

39.     Younger employees outside of plaintiff's protected age group were also treated differently and were allowed to perform plaintiff's assigned tasks after she was terminated. Defendants are jointly and severally liable.

## COUNT III: WRONGFUL TERMINATION

40.     The foregoing paragraphs are realleged and incorporated by reference herein.

41.     Defendant's conduct as alleged at length herein constitute the wrongful termination of plaintiff's employment.  In the absence of a legitimate *justifiable cause*, the stated reasons for defendant's conduct were not the true reasons, but instead were a *pretext* to hide defendant's discriminatory *animus* to remove plaintiff from workplace because of her age and her disability.

42.     Shortly after Tamaris' employment was terminated, defendant continued hiring other employees and/or gave significant economic incentives/productivity bonus payments to employees. Other employees were brought into the human resources work area, to replace the plaintiff. Meanwhile, defendant's human resources office continued to use receptionist services, demonstrating the need for Tamaris' services.

43.     In the present case, the plaintiff will show with preponderance of evidence that her wrongful termination was unjustified, and the employer's alleged legitimate reason will be shown

9

to be an "excuse" to justify unlawful conduct in violation of antidiscrimination laws. Defendant failed to observe seniority rules for termination and rehire. There was *no legitimate business reason to* justify Tamaris' selective termination of employment, all the while continued hiring employees outside of Tamaris' protected class, to work in her area.

44. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without *just cause* in the Commonwealth of Puerto Rico. 29 L.P.R.A. §185a. By allowing a hostile work environment towards the plaintiff, the employer sought to eliminate the plaintiff. In this case, management choose to selectively discharge Tamaris, while proffering a pretextual excuse to justify her termination. There was no need to terminate her employment, all the while defendant continued to hire others outside of her protected class. The Court will find that Tamaris' termination of employment was not needed, nor justified.

45. Taken as a whole, plaintiff's evidence wills suffice to support a finding that defendants acted with reckless disregard to plaintiff's rights and with a discriminatory *animus*.

### COUNT IV: VIOLATION OF COMONWEALTH OF PUERTO RICO LAW

46. Plaintiff re-alleges and incorporate by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

47. Puerto Rico's Act No. 80, approved on May 30, 1976, as amended, prohibits employer's wrongful termination without just cause in the Commonwealth of Puerto Rico. 29 L.P.R.A. §185a. Given her employer's subsequent hiring of new employees, and available information which confirms the employer was not undergoing financial hardship, nor had the need for a significant reduction of its workforce, this was also a *pretext* for her unlawful termination.

48. Puerto Rico's Act No. 100, approved on June 30, 1959, as amended, is Puerto Rico's Employment Anti-Discrimination Act ("Ley Contra el Discrimen en el Empleo"). It prohibits discrimination by employer based on an employee's age. 29 L.P.R.A. §146. Specifically, it prohibits employers from taking adverse action against an employee because of her *age*, with regards to the terms and conditions of employment, refusing to keep or reincorporate employee

into a job, willful deprivation of employment and/or taking adverse actions that negatively affect employment status. It also creates a *presumption* against the employer. In the above referenced case, the plaintiff belonged to a protected class of employees over 40 years of age, she was qualified for her job, was terminated and her tasks given to younger persons not protected by law.

49. Puerto Rico's Act No. 44, approved on July 2, 1985, as amended, best known as Puerto Rico's Employment Opportunity Act for Disabled Persons ("Ley de Prohibición de Discrimen contra Impedidos"), also prohibits discrimination on the basis of disability and requires employer to make reasonable accommodation. Act No. 44 specifically prohibits employers from limiting and/or excluding a person with disability from work based solely on her disability. Puerto Rico's Act No. 81, approved on July 27, 1996, ("Le de Igualdad de Empleo para Personas con Impedimentos"), also imposes a duty on the employer to make reasonable accommodation in the workplace. 29 L.P.R.A. §1401. In the above referenced case, the plaintiff was the subject of disparate treatment when the employer wrongfully terminated her employment, while others outside of her protected class were allowed to continue to work for defendant. Defendants are jointly and severally liable.

## COUNT V: FMLA RETALIATION

50. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

51. Shortly after, plaintiff received approval for her request for FMLA Leave, she subjected to her retaliatory termination of employment. Plaintiff was not allowed to return back to work and/o or complete her FMLA Leave during 2017. This constitutes unlawful retaliation for having engaged in protected conduct under FMLA.

52. Under the FMLA, employers are prohibited from discharging or discriminating against an employee that exercises FMLA rights. It makes it unlawful for employers to terminate an employee in retaliation for taking FMLA leave or attempting to exercise her FMLA rights. See 29 CFR 825.220

53. Plaintiff will establish an FMLA retaliation claim, Tamaris' will prove that: (i) she engaged in statutorily protected activity; (ii) adverse employment action was taken against her; and (iii) there is a causal connection between the activity and the adverse employment action taken.

54. In this case the plaintiff will present a timely willful violation because she was terminated precisely after she exercised her FMLA rights. In this case employer's decisionmaker responsible for plaintiff's termination was clueless when it came to FMLA responsibilities. Plaintiff was not allowed to complete her FMLA leave, nor allowed to reinstate back to work.

55. This FMLA retaliation claim is initiated within two years of the FMLA violation, and in this case plaintiff is entitled to recover monetary damages because termination violated the FMLA. The plaintiff will also demonstrate her termination was willful because her superior knew or should have known about her FMLA application and showed reckless disregard to the fact that her conduct was prohibited by the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendant's conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff reinstatement, back pay, all loss benefits, front pay and other equitable relief.
C. That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against Plaintiff, with the reinstatement.
D. That this Honorable Court award ***compensatory and general damages*** in the amount of **$1,000,000.00** against all Defendants sued in their individual and/or representative capacities, for the Plaintiff, or an amount to be determined according to proof during the trial, as a remedy for the mental and emotional distress and discomfort that Plaintiff suffered, as provided by the law and statutes of the United States and the Commonwealth of Puerto Rico.
E. That this Honorable Court award exemplary and ***punitive damages*** in the amount of **$2,000,000.00** against all Defendants sued in their individual and/or representative capacities, or an amount to be determined at trial, in light of Defendants' willful,

      wanton, and malicious acts with conscious disregard and deliberate indifference to Plaintiff's rights.

F. That this Honorable Court award Plaintiff costs, expenses, and attorney's fees.

G. Pre-judgment interest; and as indicated above, the Plaintiff seeks *compensatory* damages, *statutory* damages, *punitive* damages, *injunctive relieve* and any other relief this Court deems equitable, just and appropriate.

## JURY DEMAND

Plaintiff respectfully requests a *jury trial* on all issues triable to a jury.

In San Juan, Puerto Rico, on this 15th. Day of August 2018.

                           Respectfully submitted,

                           /S/ Humberto Cobo-Estrella
                           Humberto Cobo-Estrella, Esq.
                           **USDC-PR230108**
                           PO Box 366451
                           San Juan, Puerto Rico 00936-6451
                           Tel. (787) 529-7140
                           Email: *hcobo@hcounsel.com*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                           /S/ Humberto Cobo-Estrella, Esq.
                           *Attorney for the Plaintiff*